**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

NANCY LEWIS,

    Plaintiff,

v.  Civ. No. 09-306 JB/RHS

CENTER MARKET,

    Defendants.

and

NANCY LEWIS,

    Plaintiff,

v.  Civ. No. 09-700 JB/ACT

LINDA TRUJILLO and IVAN GUILLEN, et al.,
of the NORTH CENTRAL NEW MEXICO REGIONAL
TRANSIT DISTRICT, ESPANOLA POLICE OFFICERS
MARTIN VIGIL and MIGUEL MAEZ, CITY OF ESPANOLA,

    Defendants.

and

NANCY LEWIS,

    Plaintiff,

v.  Civ. No. 09-701 RLP/ACT

ECCO COFFEE SHOP,

    Defendant.

and

NANCY LEWIS,

    Plaintiff,

v.                                                                                              Civ. No. 09-702 ACT/LFG

JOY JUNCTION HOMELESS SHELTER
and CITY OF ALBUQUERQUE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) *pro se* Plaintiff Nancy Lewis's motion to proceed *in forma pauperis* ("IFP") in case number 09cv306, filed March 30, 2009 (Doc. 2); and (ii) on Lewis's two motions to amend her Complaints in case numbers 09cv306 and 09cv700. See Doc. 6, filed July 20, 2009; Doc. 11, filed October 22, 2009. The primary issues are: (i) whether Plaintiff Nancy Lewis may proceed IFP in case number 09cv306; (ii) whether the Court has an obligation to *sua sponte* dismiss Lewis' cases filed without prepayment of filing fees if the Court determines that she is not indigent and is, in fact, able to pay the filing fees; and (iii) whether to allow Lewis to amend her Complaints in case numbers 09cv306 and 09cv700. Because the Court concludes that the record establishes that Lewis has sufficient funds to pay for both the necessities of life and for the lawsuits she has filed, the Court will deny Lewis' motion to proceed IFP. Additionally, because the Court has an obligation to *sua sponte* dismiss a case that has been filed without prepayment of filing fees "at any time" if the Court determines that a plaintiff who has applied to proceed IFP is not indigent and is, in fact, able to pay the fees, see 28 U.S.C. § 1915(e)(2)(A), the Court will vacate the prior orders granting IFP in case numbers 09cv700, 09cv701, and 09cv702, dismiss all four cases, and deny as moot Lewis' Motions to Amend.

## PROCEDURAL BACKGROUND

      The Honorable Martha Vazquez, Chief United States District Judge, United States District

Court for the District of New Mexico, consolidated these four cases on October 5, 2009. See Order Consolidating Cases, filed October 5, 2009 (Doc. 7). In an Order to Show Cause issued that same day, Chief Judge Vazquez summarized *pro se* Plaintiff Nancy Lewis's procedural and financial status as follows:

> Pro se plaintiff Nancy Lewis began filing lawsuits in this Court when she was allegedly homeless and was not receiving social security income. The Court granted several of her motions to proceed IFP in several cases based on her low income. Lewis's sworn IFP applications filed in July 2009 demonstrate, however, that she has been receiving $1343/month from social security and unemployment; that at the time she applied to proceed IFP in the three cases filed in July, she had cash in the bank and a car; that she is no longer homeless, and that her fixed expenses of $559/month leave her sufficient discretionary funds that her "allegation of poverty is untrue" *id.*, and she should no longer be considered as indigent. See No. 09cv702, Doc. 2; No. 09cv701, Doc. 2; 09cv700, Doc. 2. The Court takes judicial notice that, in another of Lewis's sworn complaints against other defendants filed June 29, 2009, she states that "Social Security paid me back monies, illegally withheld over the past two years." 09cv635 WJ/RHS Doc. 4 at 9. With this influx of cash, Lewis apparently should not have filed motions to proceed IFP. And the Court apparently inadvertently and improperly granted her IFP motions.

Order To Show Cause at 2, filed October 5, 2009 (Doc. 8). Chief Judge Vazquez ordered Lewis to "show good cause in writing why the Court should not vacate the three Orders granting her leave to proceed IFP in case numbers 09cv700, 09cv701, and 09cv702 and why she should not be required to submit the full amount of the filing fees in each of her pending cases, including 09cv306, as is required by all non-indigent plaintiffs, or have her cases dismissed." Id. at 3. The cases were reassigned to Judge James O. Browning on October 20, 2009. See Minute Order, filed October 20, 2009 (Doc. 10).

## **ANALYSIS**

In response to Chief Judge Vazquez' order requiring Lewis to show good cause in writing why the Court should permit her to proceed IFP in each of her four pending cases, Lewis filed her response, Equation: Good Cause Shown on October 13, 2009 (Doc. 9)("Lewis' Response"). The

Court has reviewed Lewis' Response, as well as her motion to proceed *in forma pauperis* with financial affidavit.  In comparing Lewis' Response to show good cause to her financial affidavit accompanying her motion to proceed *in forma pauperis*, the Court finds that Lewis' financial affidavit claiming poverty is not an accurate characterization of her current financial situation and that she has the ability to pay filing fees.  The Court, therefore, will deny the motion to proceed IFP, vacate the prior orders granting IFP in case numbers 09cv700, 09cv701, and 09cv702, and dismiss the four cases.  The Court will also dismiss Lewis' motions to amend as moot.

**I.     THE COURT WILL DENY IFP AND DISMISS LEWIS'S FOUR CASES.**

Lewis has failed to show cause why the Court should not deny her motion to proceed IFP in case number 09cv306 and why the Court should not dismiss all four of her Complaints.  Lewis responded to the Order to Show Cause by arguing that § 1915 applies only to prisoners; that she did not mislead the Court about her finances; and that her income is not far above the guidelines for poverty, so in her opinion, she is "unable to pay" the costs of filing suits.  Lewis' Response at 1-2.  She admits to having received over $15,000.00 from Social Security in back payments in 2009, of which she has about $3,500.00 left in the bank.  See id. at 3-4.  She states that she used $7,500.00 of the money for rent, a car, paying off debts and "bad checks," cigarettes, marijuana, dental and medical needs, and pet supplies and veterinarian bills.  Id. at 6.  She spent additional amounts of the back payments on financially helping her son and a friend, taking people to appointments, doing the "footwork" for investigating and filing another lawsuit with a friend, and for paper, ink, and supplies for filing lawsuits.  Id. at 7.  She also mentions that Medicare pays for her medications and that she gets public assistance for food.  See id. at 3-4.  She states she is saving the $3500.00 as "escape money."  Id. at 4.

Sections 1915(a) and (e) apply "to all persons applying for IFP status, and not just to

prisoners." Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). The Supreme Court of the United States has held that IFP should be granted only if a plaintiff "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). "In deciding whether to grant IFP status it is appropriate to consider plaintiff's income, the regularity of that income, his [or her] savings, as well as his [or her] financial obligations." Curiale v. Graham, 124 F.3d 216 (Table) at *2 (10th Cir. 1997).

In Lewis' Response, she states: "If one Googles IFP, one gets a site that purports to define court limits here in New Mexico as 150% of the poverty guidelines." Lewis' Response at 3. Lewis also references the New Mexico Commission on Access to Justice Annual Report to the Supreme Court of New Mexico, dated May 1, 2007.[1] See id. at Though the Court is not bound by Lewis' references to the state commission report nor internet search engine results, Lewis is correct that the New Mexico state rules provide that: "An applicant who is not presumptively indigent can nevertheless establish indigency by showing in the application that the applicant's annual income does not exceed one hundred fifty percent (150%) of the current federal poverty guidelines established by the United States Department of Labor." Rule 23-114 NMRA. The Court, however, is also not bound by New Mexico state court rules, but rather by the guidance of the Supreme Court of the United States. Lewis is correct that 28 U.S.C. § 1915 is silent on criteria for determining indigency -- the federal standards for IFP are not a bright-line percentage rule, but rather, rely on the discretion of the court. See Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976)(stating "the trial court should examine the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, exercise its

---

[1] The report is publicly available on the State Bar of New Mexico's website at http://www.nmbar.org/Attorneys/AccessJusticecommission.html.

discretion, and state its reasons if a dismissal is ordered."). The Court concludes that the record establishes that Lewis has sufficient funds to pay both for the necessities of life and for those lawsuits that she deems important, and that her allegation of poverty does not accurately characterize her situation. See Burns v. United States, No. 09-5091, 2009 WL 2602318, at *1 (10th Cir. Aug. 25, 2009)(holding that, because the financial affidavit showed that the plaintiff had $3000.00 in his bank account, he had not demonstrated an inability to pay fees); Brewer v. City of Overland Park Police Dep't, 24 Fed. Appx. 977, 979 (10th Cir. 2002)(affirming denial of motion to proceed IFP because the plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars," thereby demonstrating "sufficient income to pay the filing fees"). To focus only on income, rather than on assets could give a skewed picture of one's ability to pay the filing fees. While this Court does not suggest that Lewis is wealthy or has lots of money to spend, she does appear to have discretionary income and/or assets. It appears that she has the ability to spend her discretionary funds on filing fees if she desires. It appears she will be able to pay at least some of her filing fees and provide herself the necessities of life. The Court will, therefore, deny the motion to proceed IFP, vacate the prior orders granting IFP in case numbers 09cv700, 09cv701, and 09cv702, and dismiss all four cases. See § 1915(e)(2)(A); Trujillo v. Williams, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)A) & (B) are mandatory).

**II.    LEWIS MAY NOT AMEND HER COMPLAINTS.**

Lewis seeks to amend her Complaint in case number 09cv306 to add additional facts and to amend her Complaint in case number 09cv700 to add additional defendants. As stated above, the Court will dismiss both cases because the Court has determined that Lewis's allegations of poverty in her financial affidavits do not accurately characterize her situation and that she has the ability to pay filing fees. Lewis must, therefore, first pay the filing fee and then she may refile amended

complaints under new case numbers. See <u>Lemons v. K.C. Mo. Police</u>, 158 Fed. Appx. 159, 160 (10th Cir. Dec. 13, 2005)(stating that, if the plaintiff fails to sufficiently demonstrate an inability to pay filing fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling his complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914 . . . .").

**IT IS ORDERED** that Lewis's motion to proceed IFP in case number 09cv306 (Doc. 2) is denied; that the orders granting permission for Lewis to proceed IFP in case numbers 09cv700, 09cv701, and 09cv702 are vacated; that Lewis's Motions to Amend (Docs. 6 & 11) are denied as moot, and that cases numbered 09cv306, 09cv700, 09cv701, and 09cv702 are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(A).

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Nancy Lewis
Espanola, New Mexico

    *Pro Se Plaintiff*

Tony F Ortiz
Scheuer, Yost & Patterson, P.C.
Santa Fe , New Mexico

    *Attorneys for Defendants Linda Trujillo, Ivan Guillen, and the North Central New Mexico
      Regional Transit District*

Robert L. Cole
Albuquerque , New Mexico

    *Attorney for Defendants Martin Vigil, Miguel Maez, and the City of Espanola*

Quela Robinson
Whitney Warner
Albuqerque , New Mexico

>*Attorneys for Defendant Ecco Coffee Shop*

Lisa Entress Pullen
William P. Gralow
Civerolo, Gralow, Hill & Curtis, P.A.
Albuquerque , New Mexico

>*Attorneys for Defendant Joy Junction Homeless Shelter*

David B Nava
Albuquerque City Attorney's Office
Albuquerque , New Mexico

>*Attorneys for the City of Albuquerque*